Mr. Justice Scott delivered the opinion of the Court. This case, it seems from the counsel’s brief, has been brought up to induce a review of the doctrine of the case of Goodrich vs. Fritz, (4 Ark. 525) decided here some years ago; in which it was held that “ Replevin cannot be maintained against an officer, who has the custody and possession of property under a valid execution.” That suit, like this, was instituted by a stranger to the execution against a constable. As to the general proposition of law touching the concurrency of the remedies of Replevin and Trespass de bonis asportatis, the counsel is correct; but he is mistaken in supposing that our entire replevin statute is a literal copy of that of New York. That does not, like ours, prohibit (either by general words or special provision) a stranger to the execution from its use against an officer for property levied upon and in his custody; but simply provides that “No replevin shall be at the suit of the defendant in any execution or attachment"’ &c. (Rev. Stat. of New York, part 111, chap. 8, sec. 5) : consequently the cases cited from the New York reports fall short of the point made. The Kentucky statute as to this was originally like that of New York (Pamphlet Acts of Ky. 1830, page 251) and while in force the decisions of that State corresponded with those cited from the latter State; but in 1842 the legislature of Kentucky repealed her entire replevin statute and enacted a new one, in which it was, among other things, enacted that “ No cross re-plevin or replevin for property in the possession of an officer by virtue of legal authority, or other person by order, decree or judgment of a court shall be brought.” (Acts 1842, p. 45, sec. 2.) There was no other restrictive or prohibitory clause of any character in the act. Under this new statute a defendant in an execution brought replevin against a constable for his only plough horse, which, by the laws of Kentucky, was exempt from seizure and sale by execution or other legal process. He obtained a judgment in the court below, but the court of appeals reversed it upon the single ground that the language of the statute which we have quoted was broad enough to prohibit all persons whomsoever from bringing the action for property taken and held undercolor of any valid legal process. And the court, for illustration, cited the case of replevin by a stranger (to an execution) against the officer who might levy it, as being excluded by this general provision ; and as being authorized only in virtue of a subsequent express provision of the statute upon the terms of bond and security conditioned to pay the plaintiff 10 per cent, damages in case the stranger failed in his action. (Laffell vs. Wash, 4 Ben. Monroe, R. 92.) This authority sustains the case of Goodrich vs. Fritz, and we have found none to the contrary. The case of Beebe vs. De Baun, (3 Eng. 563, approved in Phelan vs. Bonham, 4 Eng. 389) cited by counsel as in effect overturning Goodrich vs. Fritz, certainly has no such bearing, and cannot be so understood when the remarks of the court are considered with reference to the subject matter then before them. It is true, so far as the provisions of the statute then under examination by the court were concerned, that the “ replevin statute of New York is the original of which ours is a literal copy”; but this is not true as to the provisions of the statute involved in this case as we have seen. And although the doctrine of Beebe vs. DeBaun greatly enlarges the field for the operation of our statute beyond the limits fixed by the previous cases decided in this court so far as the subject matter of a replevin suit is concerned, it certainly does not extend its use to parties to whom it was prohibited by the statute itself, or to a subject matter excluded by the same prohibition. Finding then the doctrine assailed thus sustained by an authority so respectable as the court of appeals of Kentucky, and being by no means sure but that the will of the legislature has been truly interpreted we shall hold the case of Goodrich vs. Fritz as good law. If the practical operation of its doctrine be inconvenient the remedy is with the legislature by whom it will be doubtless provided if in their wisdom it shall be deemed proper. Finding no error in the record let the judgment be affirmed with costs.